**STATE of Maine**

v.

**Donald HINES.**

Supreme Judicial Court of Maine.

Argued Nov. 15, 1983.

Decided March 6, 1984.

David W. Crook, Dist. Atty., Pamela J. Ames, Asst. Dist. Atty. (orally), Augusta, for plaintiff.

Blake, Hazard & Carver, John L. Carver (orally), Belfast, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN and SCOLNIK, JJ.

ROBERTS, Justice.

Donald Hines appeals from his conviction in Superior Court, Kennebec County, following a jury trial, for operating a motor vehicle while under the influence of intoxicating liquor, 29 M.R.S.A. § 1312. On appeal, Hines contends (1) that the State's failure to provide him with a blood sample constitutes reversible error; (2) that certain actions by the presiding justice, involving identification of the defendant, deprived the defendant of due process of law; and (3) that the sentence imposed constitutes an abuse of discretion. We affirm the judgment.

Hines argues that he was entitled to acquittal or dismissal of the OUI charge due to the failure of the State to provide him with the remainder of a blood specimen obtained from Hines pursuant to 29 M.R. S.A. § 1312. The specimen had been destroyed by routine practice of the private laboratory that had performed the analysis. The blood test played no role, however, in the defendant's conviction, as evidence of the test results was suppressed by the presiding justice. We have noted in the past that the doctrine of governmental "fair play" requires that an accused be given a reasonable opportunity to procure a blood test. *State v. Deering*, 384 A.2d 447, 448 (Me.1978); *State v. Munsey*, 152 Me. 198, 201, 127 A.2d 79, 81 (1956).[1] The defendant contends that the State was unresponsive to his efforts to procure a sample, but it is evident that his first request was made eleven months after the test was administered. There is no evidence or suggestion of willful misconduct by the State. We have observed that "[i]f all reasonable efforts fail and no blood sample is in fact procured, no rights of the [accused] are infringed for his right is not to have a test sample taken but *only to have a reasonable opportunity* to attempt to gather the desired evidence" (emphasis in original). *Munsey,* 152 Me. at 201–02, 127 A.2d at 82. We conclude, for the reasons set forth above and in light of the suppression of the test results, that the defendant was not unfairly prejudiced by his inability to obtain a blood sample.

The defendant argues that the court deprived him of due process by actions which revealed his identity, when identification was a key issue. Prior to the commencement of the trial, in the absence of the jury but in the presence of the arresting officer, the following colloquy occurred:

> Defense Counsel: I just want ... to make it clear so I'm not in a situation of

being in contempt that it is satisfactory that my client simply is in the courtroom.
> Court: Yes. It is satisfactory that your client is simply in the courtroom. Are you telling me that the person at the defense table is not your client? Because only lawyers and defendants and sometimes witnesses are inside the bar.
> Defense Counsel: No, I'm not necessarily telling the court that. . . .

At oral argument, defense counsel acknowledged that his initial inquiry was part of a tactic to negate any assumption by the officer as to the identity of the defendant who was, in fact, seated next to defense counsel. For that reason, the inquiry was not made at sidebar out of the officer's hearing. The court's response merely stated the ground rules relating to the conduct of a trial. *See Standards for Criminal Justice of the State of Maine* § 6.1 at 82–83 (1974). Any resulting prejudice to the defendant was merely the vicissitude of his attorney's tactical judgment. No deprivation of defendant's due process rights resulted from any action by the court.

Hines argues that the presiding justice abused his discretion in imposing sentence by expressly considering his disbelief in Hines's testimony. We have previously rejected this contention in *State v. Plante,* 417 A.2d 991, 996 (Me.1980). The court did not consider the defendant's veracity in isolation, but weighed it along with other factors, including the fact that this was a second offense. The sentencing procedure was proper under *Plante.*

The entry is:

Judgment affirmed.

All concurring.

---

1. We note that the "fair play" doctrine has traditionally been aimed at efforts by the accused to obtain an independent blood test, rather than to obtain the remaining specimen of a previously administered test. To the extent that these situations are distinguishable, the "fair play" doctrine is applicable to each.